**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Florin V. Ivan, ) | No. CV 12-1065-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Wells Fargo Bank, N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff filed suit in this case alleging breach of the covenant of good faith and fair dealing as to Defendant Wells Fargo, a violation of the Arizona Consumer Fraud Act as to a yet unnamed Doe Defendant, and tortious interference with a contractual relationship and/or negligence as to other yet unnamed Doe Defendants. Defendant Wells Fargo moves to dismiss arguing Plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**I.    Background**[1]

Plaintiff has a line of credit, in the amount of $229,000, with Defendant Wells Fargo, secured by a piece of real property. On March 22, 2011, Plaintiff owed $102,000.00 on the account. On March 23, 2011, Plaintiff attempted to draw down the line of credit another

---

[1] The facts are from Plaintiff's complaint and are taken as true for purposes of a motion under 12(b)(6). *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Further, Defendant does not appear to dispute any of these facts.

$126,000.00 (for a total outstanding balance of $228,000.00). Defendant refused to disburse the additional $126,000.00. Later that same day, Defendant disbursed an additional $500.00 on the line of credit at Plaintiff's request. As indicated above, Plaintiff is suing for a breach of the covenant of good faith and fair dealing due to Defendant Wells Fargo's refusal to make the requested $126,000.00 distribution.

## II. 12(b)(b)

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Also, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff claims that Defendant Wells Fargo violated the covenant of good faith and fair dealing by refusing to make a distribution that was within the monetary limit of the line of credit. Defendant Wells Fargo moves to dismiss arguing that the contract contains six reasons it can suspend or close the account and that: 1) Defendant can "reduce" the line of credit for all the reasons it can suspend or close the account, and 2) Plaintiff has failed to plead that none of these six reasons would justify Defendant's actions in this case.[2] *See* Doc. 4-1 at 10, § 18. Plaintiff responds and argues that nothing in this section of the contract allows for a "reduction" in the line of credit and the Bank's failure to honor the line of credit is sufficient to state a claim. Specifically, Plaintiff claims that the contract is clear that if the account is not closed or suspended (and his was not), then advances "shall be considered

---

[2] And particularly Defendant is focused on the provision that allows the account to be closed or suspended if, "the value of the Property declines significantly below its original appraised value... ." Doc. 4-1 at 10, § 18.

- 2 -

obligatory." Doc. 5 at 4.

In *Southwest Sav. And Loan Ass'n v. SunAmp Sys.*, 838 P.2d 1314, 1320 (Ariz. App. 1992), the Court stated:

> In this case, therefore, inquiry does not end with recognition that Southwest had contractual authority to freeze, and ultimately terminate, SunAmp's credit line. The question is whether the jury might reasonably have found that Southwest wrongfully exercised this power "for a reason beyond the risks" that SunAmp assumed in its loan agreement, [citation omitted] or for a reason inconsistent with SunAmp's "justified expectations,"...

Similarly, summarizing *SunAmp*, the court in *Bike Fashion Corp. v. Kramer*, 46 P.3d 431, 435 ¶ 17 (Ariz. App. 2002) stated:

> ...a party may breach the implied covenant of good faith and fair dealing even if the express terms of the contract speak to a related subject. In *SunAmp Systems*, 172 Ariz. at 559, 838 P.2d at 1320, the court examined whether Southwest Savings wrongfully exercised its contractual authority to freeze SunAmp's credit line for a "reason inconsistent with SunAmp's 'justified expectations'" under the contract. Although the court determined that "SunAmp had no justifiable expectation that a reasonable lender would [have] act[ed] differently," *id.* at 561, 838 P.2d at 1322, the court nevertheless examined whether Southwest Savings had breached the covenant of good faith and fair dealing despite the existence of a contract term granting Southwest Savings discretion to freeze SunAmp's credit line.

Thus, the result of *SunAmp* is that a party can state a claim for breach of the covenant of good faith and fair dealing in the context of failing to allow an advance on a line of credit even when the contract gives the lender the authority to freeze the line of credit. Because Plaintiff has alleged that Defendant Wells Fargo failed to allow him to take an advance on his line of credit inconsistent with his expectations, and Plaintiff has provided factual specifics on when and how he attempted to take the advance, Plaintiff has sufficiently stated a claim that survives a motion to dismiss.[3]

---

[3] Because the Court finds that Plaintiff states a claim even assuming Defendant is correct that: (1) the contract allowed it to reduce the line of credit, and (2) the property securing the line of credit decreased in value, the Court need not reach Defendant Wells Fargo's argument that, to state a claim, Plaintiff must affirmatively plead that none of the exceptions in the contract exist. However, the Court notes that issues like whether the property declined in value significantly from the original appraisal are unlikely to be able to be determined on a 12(b)(b) motion.

- 3 -

### B. Claims Against Doe Defendants

Wells Fargo's motion to dismiss sought dismissal of claims against Wells Fargo only. Doc. 4 at 5, lines 2-3. Accordingly, the Court need not consider whether the claims against the Doe Defendants raised in Counts 2 and 3 state a claim.

With respect to these Doe Defendants, the parties have filed a stipulation seeking an extension of time for Plaintiff to identify and serve the Doe Defendants. Generally, the Federal Rules of Civil Procedure do not permit the use of Doe defendants. *See, e.g.*, Fed. R. Civ. P. 10(a); *Craig v. U.S.*, 413 F.2d 854, 856 (9th Cir.), *cert. denied*, 396 U.S. 987 (1969).

> However, situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.

*Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980).

Thus, the Court can permit limited discovery to allow a Plaintiff to discover the identity of the fictitious defendants. *See Third Degree Films, Inc. v. Does 1-131*, 2012 WL 692993, **6-7 (D. Ariz. March 1, 2012)(discussing limited Rule 26(d) discovery for the purpose of identifying John and Jane Doe defendants).

Here, Plaintiff has named 400 fictitious defendants. This runs afoul of the limited circumstances when a fictitious defendant might be used to identify a specific person or entity whose name Plaintiff could not learn before filing the complaint.

Thus, on this record, the Court will not grant the unlimited stipulation as proposed by the parties. Instead, as part of the Rule 26(f)/16 proposed case management plan, the parties shall propose: 1) an early, expedited deadline by which Plaintiff will complete discovery to learn the identity of any Doe Defendants; 2) an early, expedited date by which Plaintiff will amend the complaint to add the real names of the Defendants in counts 2 and 3 and dismiss any remaining fictitious defendants; and 3) a very short deadline following the filing of the amended complaint by which Plaintiff will serve any newly added Defendants.

### III.  Conclusion

**IT IS ORDERED** that Defendant Wells Fargo's motion to dismiss (Doc. 4) is denied.

**IT IS FURTHER ORDERED** that the stipulation (Doc. 9) is denied, without prejudice, as indicated above.

DATED this 30th day of July, 2012.

*James A. Teilborg*
United States District Judge